UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD PRIEST,

    Plaintiff,

v.                                                                            Case No. 1:12-cv-840
                                                                            Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on February 2, 1972 (AR 206).[1] Plaintiff completed the 12th grade and had previous employment as an animal care worker, delivery boy, dish boy, laborer, porter, stock boy, temporary worker and self-employed lawn mower (AR 236, 239). Plaintiff suffered a head injury including a fractured skull when he was attacked on or about August 25, 2001 (AR 15, 38-39). After this incident, plaintiff applied for DIB and SSI on three different occasions. Plaintiff first applied for DIB and SSI in November 2001 (AR 70). These claims were denied in a disability determination dated March 6, 2002 (AR 70). Plaintiff then applied in July and August 2007, respectively (AR 71). These claims were denied in a disability determination dated October

---

[1] Citations to the administrative record will be referenced as (AR "page #").

17, 2007 (AR 71-72). Plaintiff did not appeal either the March 6, 2002 or the October 17, 2007 initial denials of benefits.

Plaintiff filed his third (and present) applications for DIB and SSI on June 18, 2009 (AR 12, 73-74). In these most recent applications, plaintiff alleged a disability onset date of December 2, 2005, which he later amended to August 28, 2001 (AR 140-47, 206, 211). Plaintiff identified his disabling conditions as a head injury, "numbness of left," dizziness and memory loss (AR 211). On March 8, 2011, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 12-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that

the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work

3

through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007), citing *Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

**II. ALJ'S DECISION**

**A.     ALJ's discussion of plaintiff's previous applications**

The ALJ's decision addressed plaintiff's previous applications as follows:

> The claimant filed two prior applications for a period of disability, disability insurance benefits and supplemental security income. The most recent prior applications were filed in July 2007. These claims were denied initially in October 2007. No appeal was taken. Reopening of the prior applications is not applicable because no new and material evidence has been submitted.

(AR 12). Based on this language, it appears that the ALJ applied the doctrine of administrative *res judicata* to the October 17, 2007 initial denial of benefits when he decided not to re-open those applications. *See Crady v. Secretary of Health & Human Services*, 835 F.2d 617, 620 (6th Cir. 1987) ("When the same claim has been presented in successive applications, the ALJ may choose

4

to apply the doctrine of 'administrative *res judicata*.' 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1)."). The doctrine of administrative *res judicata* is applicable to the initial determination by the agency, such as the October 17, 2007 determination in this case. *See Drummond v. Commissioner of Social Security*, 126 F.3d 837, 841 (6th Cir. 1997) ("A decision concerning a claimant's eligibility for social security benefits is an 'initial determination' under the social security regulations. 20 C.F.R. § 404.902. An initial determination is binding unless the claimant requests reconsideration or the Commissioner revises its decision. 20 C.F.R. § 404.905. An initial determination is subject to the doctrine of administrative res judicata."); 20 C.F.R. §§ 404.902 and 416.1402 ("[i]nitial determinations are the determinations we make that are subject to administrative and judicial review").

### B. ALJ's review of plaintiff's present application

After deciding not to re-open the October 17, 2007 determination, the ALJ commenced the five step sequential process. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the amended disability onset date of August 28, 2001 and met the insured status requirements of the Act through March 31, 2008 (AR 14). At step two, the ALJ found that plaintiff had the following severe impairments: head injury; memory loss; dizziness; depression; and history of substance abuse, in remission (AR 14). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically Listings 12.04 (Affective Disorders) and 12.09 (Substance Addiction Disorders) (AR 16-17).

The ALJ decided at the fourth step that plaintiff has the residual functional capacity (RFC):

> . . . to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: to lift or carry a maximum of 20 pounds occasionally and 10 pounds frequently. In an eight-hour workday, the claimant can walk or stand for six hours and sit of for six hours. He can only do simple unskilled entry-level work. The claimant can not work around heights or around moving machinery. He can not have contact with the public.

(AR 17). The ALJ further found that plaintiff was unable to perform any past relevant work (AR 19).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, sedentary jobs in the national economy (AR 20-21). Specifically, plaintiff could perform the following jobs in the regional economy (the Lower Peninsula of Michigan): janitor (5,200 jobs); stock clerk (8,000 jobs); and shipping clerk (2,400 jobs) (AR 20-21). Based on this record, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, at any time from December 2, 2005 through March 8, 2011 (the date of the decision) (AR 21).

In reaching this determination, the ALJ's decision is internally inconsistent. First, contrary to his initial decision not to re-open the October 17, 2007 denial of benefits, it appears that the ALJ apparently did re-open that determination when he addressed evidence of plaintiff's condition prior to October 17, 2007. Specifically, the ALJ stated that "[t]he claimant has no medical records for the period December 2001 to July 2007, which is not indicative of someone who is disabled," and that "[i]n August 2007, Dr. Strang noted the claimant was able to perform simple math calculations" (AR 19). Second, in ¶ 11 of his decision, the ALJ evaluated plaintiff's condition based upon the original disability onset date of December 2, 2005 rather than the amended onset date of August 28, 2001.

6

The parties do not address the internal inconsistencies in the ALJ's decision. Indeed, defendant's brief is itself inconsistent with the ALJ's decision, by asserting that the relevant time period for plaintiff's disability claims is from August 28, 2001 through March 8, 2011:

> Plaintiff applied for DIB and SSI benefits on June 18, 2009 (Tr. 140-48). The relevant time period in this case, therefore, is from August 28, 2001, plaintiff's alleged onset date of his disability (Tr. 147), to March 8, 2011, the date of the Commissioner's final decision (Tr. 9, 21).

Defendant's Brief at p. 2.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984). Here, the ALJ has failed to articulate an analysis of the evidence which allows the court to trace the path of his reasoning, and it should not be for the parties and this court to guess as to the ALJ's decision. The ALJ's decision is internally inconsistent with respect to relevant time period used to evaluate plaintiff's disability claim. Based on the ALJ's decision, the relevant time period could commence on either August 28, 2001 (the amended disability onset date), December 5, 2005 (the original and superseded disability onset date), or October 18, 2007 (the day after the agency denied plaintiff's 2007 applications for benefits). In addition, while the ALJ stated that he was not re-opening the October 17, 2007 initial denial of benefits, the ALJ appeared to re-open that decision by considering medical evidence of plaintiff's condition prior to October 17, 2007.

Accordingly, this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

### III. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should clarify the operative disability onset date, clarify whether the doctrine of administrative *res judicata* applies to the October 17, 2007 initial denial of benefits, and then re-evaluate plaintiff's claims as necessary in light of those parameters.


Dated: February 10, 2014                  /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).